IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN FREDERICK WHEELER, | ) | Case No. 1:10-cv-00851-OWW-JLT |
| Plaintiff, | ) ) | ORDER GRANTING MOTION TO PROCEED INFORMA PAUPERIS AND DISMISSING |
| vs. | ) ) | PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |
| AMERICAN TOBACCO CO., INC., | ) ) | (Docs.  1, 2) |
| Defendants. | ) ) ) | |
| _____ | ) ) | |

Plaintiff is proceeding with a civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. 1). On May 14, 2010, plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.   (Doc. 2).

I.    **IFP Motion**

In his IFP application, Plaintiff states his monthly income amounts to $845.00 in SSI benefits.   (Doc. 2).  He states neither he nor his wife have any other income.  (Id. at 1).  He further states that his monthly household expenses are equivalent to his monthly income. (Id. at 2).  Plaintiff further states he has no other cash, savings or assets.  (Id.)  Based on this submission, the Court finds that Plaintiff is unable to pay the costs of commencing this action.

1  Plaintiff's IFP motion is granted.

2  **II.    Complaint**

3          A.    Screening

4          The Court is required to review a case filed *in forma pauperis*.  28 U.S.C. §1915A(a); 28

5  U.S.C. 1915(e).  The Court must review the complaint and dismiss the action if it is frivolous or

6  malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a

7  defendant who is immune from such relief.  28 U.S.C. § 1915 (e)(2)(B); see Noll v. Carlson, 809

8  F. 2d 1446, 1448 (9th Cir. 1987 (citing Franklin v. Murphy, 745 F. 2d 1221, 1228 (9th Cir.

9  1984)).  If the Court determines that the complaint fails to state a claim, leave to amend may be

10  granted to the extent that the deficiencies of the complaint can be cured by amendment.  Lopez v.

11  Smith, 203 F.3d 1122, 1127-1128 (9th Cir. 2000) (en banc).

12          1.    Section 1983 complaint

13          Plaintiff's complaint seeks damages under 42 U.S.C. § 1983, which provides in pertinent

14  part that:

15          Every person who, under color of any statute, ordinance, regulation, custom, or
           usage, of any State or Territory or the District of Columbia, subjects, or causes to
16          be subjected, any citizen of the United States or other person within the
           jurisdiction thereof to the deprivation of any rights, privileges, or immunities
17          secured by the Constitution and laws, shall be liable to the party injured in an
           action at law, suit in equity, or other proper proceeding for redress. . .
18

19  42 U.S.C. § 1983.

20          To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred

21  that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that

22  right acted under color of state law.   West v. Atkins, 487 U.S. 42, 48 (1988); Collins v.

23  Womancare, 878 F. 2d 1145, 1147 (9th Cir. 1989).  To warrant relief under § 1983, the plaintiff

24  must allege and show that the defendants' acts or omissions caused the deprivation of the

25  plaintiff's constitutionally protected rights.  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).

26  "A person deprives another of a constitutional right, within the meaning of section 1983, if he

27  does an affirmative act, participates in another's affirmative acts, or omits to perform an act

which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id.  There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658, 691-692 (1978)(citing Rizzo v. Goode, 432 U.S. 362, 370-371 (1976)).

       2.     Rule 8(a)

      Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

      The Federal Rules of Civil Procedure adopt a flexible pleading policy.  Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly.  Jones v. Community Redevelopment Agency,  733 F.2d 646, 649 (9th Cir. 1984).  In other words, the plaintiff is required to give the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests. Although a complaint need not outline all of the elements of a claim, it must be possible to infer from the allegations that all of the elements exist and that the plaintiff is entitled to relief under a viable legal theory.  Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990).  Conclusory allegations that are unsupported by facts are insufficient to state a claim under § 1983.  Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

**III.  Analysis**

      A.     Summary of Allegations in Complaint

      Although confusing, somewhat incoherent and rambling in content, the Court discerns the

1  gist of Plaintiff's allegations to be that certain defendant corporate entities have violated his

2  federal constitutional rights by manufacturing, selling and distributing tobacco products,

3  primarily cigarettes.  He appears to contend that through production and sale of such products

4  these defendants have compromised his health and the health of others.

5       In addition, Plaintiff appears to allege that certain public officials, including President

6  Obama, Governor Schwarzenegger, and county and municipal entities including Kern County,

7  the City of Bakersfield and Kern Medical Center, as well as the private businesses and hospitals

8  he has named as defendants have violated his rights and the rights of others by permitting people

9  to smoke in or near buildings that are open to the general public and by permitting people to

10  smoke in state parks, thereby exposing himself and others to the dangers of second-hand cigarette

11  smoke.  (See Doc. 1 at 5, 9-11).  He contends that by permitting persons to smoke within 1,000

12  feet of the doors of these buildings, they have harmed his health as well as the health of others.

13       B.    The Parties

14            1.    Plaintiff cannot raise class-related claims

15       Plaintiff appears to assert claims on behalf of all people who are injured by the sale,

16  manufacture and use of tobacco products as well as all persons who have been injured by being

17  in proximity to people who smoke cigarettes near public and private buildings.  (Doc. 1 at 5, 9-

18  11).  However, as a pro se litigant, Plaintiff is not an adequate class representative.  Plaintiff may

19  appear and represent himself but this privilege is personal to him alone.  Russell v. United States,

20  308 F.2d 78, 79 (9th Cir. 1962); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (lay

21  person lacks authority to appear as attorney for others).  Therefore, all allegations related to class

22  claims will be dismissed.

23            2.    Claims against the private entities must be dismissed

24       Plaintiff cites several private entities as defendants in this matter, including the American

25  Tobacco Co., Wal-Mart, Foodmax, FoodCo Stores, Mercy Hospital and Bakersfield Memorial

26  Hospital.  (Doc. 1 at 1).  He appears to allege that they have violated his due process rights either

27  by manufacturing and/or selling cigarettes and/or permitting persons to smoke within 1,000 feet

1   of their places of business.  He contends that this second-hand smoke has harmed him and

2   continues to do so.

3          Upon review, the Court concludes that Plaintiff's claims against these private entities fail.

4   To prevail on a claim under § 1983, a plaintiff must show: (1) that the defendant acted under

5   color of state law and (2) that the defendant deprived him of rights secured by the Constitution or

6   federal statutes.  Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).  Generally, private

7   parties do not act under color of state law.  See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir.

8   1991).  The Constitution protects against governmental action, not private action.  It is only when

9   the government is responsible for the specific conduct of which the Plaintiff complains, that

10  constitutional rights are implicated.  Single Moms, Inc. v. Montana Power Company, 331 F.3d

11  743, 746-47 (9th Cir. 2003).  Thus, a §1983 plaintiff must show that a defendant's actions are

12  attributable to the government which generally requires significant state involvement in the

13  action in question.  Franklin v. Fox, 312 F.3d 423, 444-45 (9th Cir. 2002).

14         Although Plaintiff asserts that the private defendants in this suit were acting under color

15  of state law, this conclusion is insufficient to state a claim.  See Price, 939 F.2d at 707-08.  Other

16  then merely asserting that these entities act under color of state law, Plaintiff fails to present even

17  the most basic factual allegations in support.  This does not meet Plaintiff's pleading burden.  See

18  Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (holding that the Rule 8 standard

19  requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading

20  that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action

21  will not do.  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further

22  factual enhancement.'")

23         In addition, Plaintiff does not allege any conduct that violated any federal, state or local

24  law but, even if the acts alleged were unlawful, he has failed to demonstrate how this would

25  implicate his federal rights.  Finally, Plaintiff has failed to allege sufficient facts to demonstrate

26  that the Court has jurisdiction under § 1983 with respect to these private entities. As a result, all

27  claims against Defendants American Tobacco Co., Wal-Mart, Foodmax, FoodCo, Mercy

1  Hospital and Bakersfield Memorial Hospital will be dismissed.

2      3.      Claims against the County of Kern, the City of Bakersfield and Kern

3              Medical Center must be dismissed

4      Plaintiff names Kern County, the City of Bakersfield and Kern Medical Center[1] as

5  defendants. However, he fails to explain the basis for their liability.  If Plaintiff is attempting to

6  assert that he has a constitutional right to be free from secondhand smoke within 1,000 feet of a

7  public building administered by a county or municipality, he has cited no basis for such a right

8  nor is the Court aware of any such right.  He has not alleged that they have failed to enforce a

9  federal, state or local law or policy which prohibits smoking within 1,000 feet of any such

10 building but, even if he did, there is no indication how such a failure would implicate his federal

11 rights.  Moreover, there is no showing that Plaintiff has been damaged by any official policy or

12 custom of the County of Kern or the City of Bakersfield.  City of Canton v. Harris, 489 U.S. 378,

13 385 (1989).  As a result, these entities will be dismissed from this action.

14     4.      Claims against President Obama and Governor Schwarzenegger

15     Plaintiff names both President Obama and Governor Schwarzenegger as defendants.

16 With regard to President Obama, he asserts that the President is responsible for permitting the

17 American Tobacco Company to manufacture and sell tobacco and to allow people to smoke

18 within 1,000 feet of stores and public buildings.  (See Doc. 1 at 10).  Similarly, with regard to

19 Governor Schwarzenegger, Plaintiff alleges that the Governor is responsible for allowing the sale

20 of cigarettes in California and also challenges his decision to veto a bill that would have

21 prohibited smoking in state parks.  (See id.).

22     The claims against the defendants must be dismissed.  With respect to Governor

23 Schwarzenegger, state officials sued in their official capacity are not persons for purposes of

24 §1983 liability.  Rather a suit against the official in his or her official capacity is a suit against the

25 State itself.  Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989).  Although

26

27
        [1]Likewise, Plaintiff has failed to explain how Kern Medical Center, a department of the
County of Kern, is amenable to suit.

1  Plaintiff has failed to state whether Governor Schwarzenegger is being sued in his official or

2  individual capacity, there are no facts alleged that would challenge actions by Governor

3  Schwarzenegger in his individual capacity.  Thus the Governor is entitled to Eleventh

4  Amendment immunity.

5      Although Plaintiff has failed to state whether he is suing President Obama in his official

6  or individual capacity, again, the acts alleged only implicate official action.  Any claim against

7  President Obama in his official capacity must fail.  See Nixon v. United States, 457 U.S. 331,

8  349 (1982) (holding that a president is entitled to absolute immunity for damages liability

9  predicated on his official acts).  For these reasons and because, as stated, the claims against

10  President Obama and Governor Schwarzenegger are frivolous, these defendants will be

11  dismissed.

12      C.      Conclusion

13      The Court must dismiss Plaintiff's complaint as to all defendants for the reasons outlined

14  in the body of this order.  The Court will grant Plaintiff an opportunity to file an amended

15  complaint to address the deficiencies in his claims for relief, if he is able.  Plaintiff is informed

16  that the Court cannot refer to a prior pleading in order to make the amended complaint complete.

17  Local Rule 220 requires that an amended complaint be complete in itself without reference to any

18  prior pleading.  This is because, as a general rule, an amended complaint supersedes the original

19  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended

20  complaint, the original pleading no longer serves any function in the case.

21      Accordingly, IT IS ORDERED that:

22      1.      Plaintiff's application to proceed in forma pauperis is GRANTED;

23      2.      The Complaint is DISMISSED WITH LEAVE TO AMEND; and

24      3.      Plaintiff is GRANTED 20 days from the date of service of this order to file an

25  amended complaint.  The amended complaint must reference the docket number assigned to this

26  case and must be labeled "First Amended Complaint." Failure to file an amended complaint in

27  accordance with this order will result in a recommendation that this action be dismissed pursuant

1 | to Local Rule 110.

2 |       **Plaintiff is admonished that he must strictly comply with the requirements for filing**

3 | **a timely "First Amended Complaint."  Also, Plaintiff is advised that he <u>must</u> address the**

4 | **deficiencies noted in this order and he <u>must</u> file only <u>non-frivolous</u> claims against**

5 | **appropriate defendants.  If he fails to comply with this order, the Court will recommend**

6 | **dismissal of this action with prejudice.**

7 |

8 | IT IS SO ORDERED.

9 | Dated:   **May 27, 2010**                                        _____/s/ Jennifer L. Thurston_____

10 |                                                         UNITED STATES MAGISTRATE JUDGE