IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN FREDERICK WHEELER, | ) | Case No. 1:10-cv-00851-OWW-JLT |
| Plaintiff, | ) | |
| vs. | ) ) | FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION |
| AMERICAN TOBACCO CO., INC., | ) ) | (Doc. 1) |
| Defendants. | ) ) ) ) ) | |

**I.      BACKGROUND**

Plaintiff is proceeding with a civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. 1). On May 27, 2010, the Court granted Plaintiff's motion to proceed in forma pauperis. (Doc. 4)

In addition, the Court screened the complaint and dismissed it with leave to amend for several reasons.  (Doc. 4) First, the complaint sought to raise class-related claims despite that Plaintiff is not an attorney.  Second, he sought to impose liability under 42 U.S.C. § 1983 on private businesses despite that they do not act under color of state law.  Likewise, he sought to impose liability on municipalities for failing to ensure that private entities prohibited smoking within 1,000 feet of their businesses, without citing any federal law that required this or

1  providing any facts to support that this failure occurred as a result of an official governmental
2  policy or custom.  Third, despite the protections provided by applicable immunities, the
3  complaint sought to impose liability on President Obama and Governor Schwarzenegger for
4  allowing the American Tobacco Company to manufacture and sell tobacco and for allowing
5  people to smoke within 1,000 feet of stores and public buildings within the United States and the
6  State of California, respectively.  Finally, the complaint was "confusing, somewhat incoherent
7  and rambling in content" and failed to give fair notice as to its claims.

8      The Order granted Plaintiff 30 days to amend the complaint and warned him that,
9  "Failure to file an amended complaint in accordance with this order will result in a
10 recommendation that this action be dismissed pursuant to Local Rule 110."  (Doc 4)  On June 23,
11 2010, the Court granted Plaintiff an additional 30 days to file his amended complaint.  Once
12 again, this Order warned Plaintiff, "Failure to file an amended complaint in accordance with this
13 order will result in a recommendation that this action be dismissed pursuant to Local Rule 110."
14 However, Plaintiff has failed to file a first amended complaint.

15 **II.   DISCUSSION**

16      Plaintiff was required to file his First Amended Complaint by July 23, 2010.  This
17 allowed Plaintiff nearly two months to prepare and file his First Amended Complaint.
18 Nevertheless, Plaintiff has failed to respond to the Court's Orders.

19      Local Rule 110 provides that "[f]ailure of counsel or a party to comply with these Rules
20 or with any order of the Court may be grounds for imposition by the Court of any and all
21 sanctions authorized by statute or Rule or within the inherent power of the Court."  District
22 courts have inherent power to control their dockets and "in the exercise of that power, they may
23 impose sanctions including, where appropriate . . . dismissal of the case."  Thompson v. Housing
24 Authority, 782 F.2d 829, 831 (9th Cir. 1986).  The Court may dismiss an action with prejudice if
25 the party fails to prosecute an action, fails to obey a court order or fails to comply with the Local
26 Rules.  See e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for
27 noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

(dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order or for failure to comply with local rules, the Court must consider several factors, including, "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); Ghazali, 46 F.3d at 53. "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Valley Engineers Inc. v. Electrical Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998)). Applying these principles, the Court recommends that this action be dismissed for Plaintiff's failure to prosecute his case and follow the Orders of the Court.

The Court notes that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 642; Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Likewise, the Court cannot manage its docket if it maintains cases in which plaintiffs fail to litigate their cases. The Court's limited resources must be spent on cases in which the litigants are actually proceeding. Here, this case cannot proceed until a first amended complaint is filed. Thus, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal.

Although the "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal" (Pagtalunan, 291 F.3d at 642; Yourish, 191 F.3d at 991), this case has been

1 pending for several months and it cannot proceed absent Plaintiffs' compliance with the Court's
2 order, most notably, filing a first amended complaint.  Given these failures, injury may be
3 presumed arise from this unreasonable delay in prosecuting the action.  <u>Anderson v. Air West</u>,
4 542 F.2d 522, 524 (9th Cir. 1974).

5      Additionally, the Court's Order requiring Plaintiff to file a first amended complaint
6 satisfies the "consideration of alternatives" requirement.  <u>Ferdik</u>, 963 F.2d at 1262; <u>Malone</u>, 833
7 F.2d at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  Both Orders expressly stated that the failure to
8 comply would result a recommendation of dismissal of the action.  Thus, Plaintiff received
9 adequate warning that dismissal would result from noncompliance with the Court's order.
10 Finally, the public policy favoring disposition of cases on their merits, is greatly outweighed by
11 the factors in favor of dismissal.

## **RECOMMENDATION**

13      Accordingly, the Magistrate Judge recommends that the matter be DISMISSED, with
14 prejudice, for failure to comply with the Court's order to file a first amended complaint.

15      These Findings and Recommendations are submitted to the United States District Judge
16 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the
17 Local Rules of Practice for the United States District Court, Eastern District of California.
18 Within 14 days after being served with a copy, Plaintiff may file written objections with the
19 Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and
20 Recommendations."  The District Judge will then review the Magistrate Judge's ruling pursuant
21 to 28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time may waive the
22 right to appeal the District Judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

24 IT IS SO ORDERED.

25 Dated:  **July 29, 2010**              **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE